IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY S. BRASLOW,

    Plaintiff,

vs.NO.  CIV. 03-1445 RB/DJS

AMERICA ONLINE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**I. Introduction.**

    **THIS MATTER** comes before the Court on two of Defendant America Online Incorporated's ("AOL") motions:  1) a Rule 12(b)(6) motion to dismiss as a Rule 37 sanction for discovery violations; and 2) a motion for summary judgment on Plaintiff Larry Braslow's ("Mr. Braslow") Title VII and prima facie tort claims.  Although Mr. Braslow is a *pro se* litigant and thus entitled to some leeway, he is still responsible for fulfilling his discovery obligations.  He has filed a complaint in this action and been deposed--that is it.  Mr. Braslow has failed to respond in any other manner to AOL's discovery requests, an order of this Court granting AOL's motion to compel, or AOL's motion for summary judgment.  Whether the Court would have granted AOL's request for dismissal with prejudice under Rule 37 of the Federal Rules of Civil Procedure is moot, however, because the Court will **GRANT** AOL's motion for summary judgment for the reasons that follow.

**II. Background and procedural history.**

AOL's payroll records indicate that Mr. Braslow worked at AOL from July 27, 2001 until December 31, 2002. (Pl.'s Ex. B, Aff. of Susan Lopez.) Mr. Braslow is a 53 year old Caucasian, Jewish American. (Compl. ¶ 8.) He received a bachelor's degree in accounting from Fairleigh Dickinson University and an associate's degree in criminal justice and food service management from Brookdale Community College. (Dep. of Larry Braslow.) Mr. Braslow began working for AOL on the Windows Technical Support Team before being promoted to first level supervisor in another unit. (Compl. ¶ 5, 11.) Though his team ranked second highest in profit sales at the time of his termination in December 2002, he was replaced by a supervisor of a different, religion, age, and gender. (Compl. ¶ 12.)

Mr. Braslow executed a Separation Agreement and Release of Claims on December 13, 2002. (Def.'s Mem. in Supp. of Mot. for Summ. J., Ex. C.) The separation agreement provided that: "you agree to release and discharge unconditionally the Company . . . from any and all claims, actions, causes of action, demands, obligations or damages of any kind arising from your employment with the Company and the separation of that employment or otherwise . . . of any matter, cause or thing, up to and including the day on which you sign this Agreement." *Id.* at 2. The agreement specifically included Title VII and the ADEA amongst the claims Mr. Braslow waived. *Id.* at 2. In consideration for Mr. Braslow signing the agreement, AOL provided him with i) a lump sum payment of $4,666.71; ii) the services of a professional outplacement and counseling firm for up to two months to assist Mr. Braslow in securing a new job; and iii) continuation of health benefits for two months following the separation date. *Id.* Mr. Braslow had forty-five days to review and execute the separation agreement and seven days after executing the agreement to revoke it. *Id.* at 4. The separation agreement

advised Mr. Braslow to consult an attorney before executing it. *Id.*

Mr. Braslow filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 23, 2003. (Def.'s Mem. in Supp. of Mot. for Summ. J., Ex. C.) He then filed a complaint with the Second Judicial District Court, County of Bernalillo, State of New Mexico, on November 17, 2003. The case has since been removed to this Court.

Mr. Braslow claims that he was discriminated against on the basis of his religion, race, age, and ethnicity in violation of Title VII. (Compl. ¶ 14.) He claims that: 1) AOL did not give Mr. Braslow the opportunity to be considered for a first level supervisory position at the time he applied for employment with AOL because of his age; 2) AOL denied his application for a position as a Business Operations and Services Specialist in the Fraud unit because he did not fit "the ethnic mix" for the unit; and 3) he was terminated for complaining to Human Resources about the discrimination he suffered. (Compl. ¶ 5-7, 9, 14; Dep. of Larry Braslow.)

**III. Analysis.**

**A. Standard of review.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Tenth Circuit has held that: "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (*quoting* FED. R. CIV. P. 56(c)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

### B. The separation agreement and *Torrez*.

AOL argues that summary judgment is appropriate because Mr. Braslow waived all of his claims against AOL by accepting the terms of the separation agreement. Although employment discrimination claims may be waived by agreement, the waiver must be "knowing and voluntary" under the totality of the circumstances. *Torrez v. Pub. Serv. Co. of New Mexico*, 908 F.2d 687, 689 (10th Cir. 1990). The Tenth Circuit has outlined the factors courts should consider in determining if a separation agreement constitutes a knowing and voluntary waiver of claims: 1) the clarity and specificity of the release language; 2) the plaintiff's education and business experience; 3) the amount of time the plaintiff had for deliberation about the release before signing it; 4) whether the plaintiff knew or should have known his rights upon execution of the release; 5) whether the plaintiff was encouraged to seek counsel; 6) whether an opportunity for negotiation of the terms of the agreement existed; and 7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law. *Torrez*, 908 F.2d at 689-90 (internal citation omitted).

The court in *Torrez* evaluated the factors in the following manner:

"In sum, Torrez . . . had a high school education, the release did not specifically mention release of employment discrimination claims, and Torrez did not consult with an attorney nor have an opportunity to negotiate the terms of the release. He testified he viewed the release as releasing only those claims arising out of the termination plan. Under the totality of the circumstances, the evidence before the district court presented a material question of fact as to whether Torrez knowingly and voluntarily signed the release."

This case, however, is distinguishable from *Torrez*.

First, the language of the release is clear and unambiguous. Mr. Braslow signed a separation

4

agreement, which stated "you agree to release and discharge unconditionally the Company . . . from any and all claims, actions, causes of action, demands, obligations or damages of any kind arising from your employment with the Company and the separation of that employment or otherwise . . . of any matter, cause or thing, up to and including the day on which you sign this Agreement." (Def.'s Mem. in Supp. of Mot. for Summ. J., Ex. C.)  The agreement specifically included claims under Title VII and the ADEA amongst the claims Mr. Braslow waived.  *Id.* at 2.  The agreement put Mr. Braslow on notice as to the claims he was waiving.  Second, unlike Mr. Torrez, who had a high school education, Mr. Braslow received degrees in accounting, criminal justice, and food service management.  Therefore, he possessed the education and experience necessary to understand what he signed.  Third, the agreement allowed Mr. Braslow plenty of time for deliberation about the release before signing it.  He had forty-five days to look it over before signing it and seven days after executing it to revoke the agreement.

Fourth, Mr. Braslow knew or should have known of his rights upon execution of the release. AOL relies heavily on *Wright v. Southwestern Bell Telephone Co.*, 925 F.2d 1288 (10th Cir. 1991), in which the Tenth Circuit held that an employee had knowingly and voluntarily released Title VII claims against his former employer.  In that case, the court noted that the plaintiff signed the release *after* he had already filed a discrimination claim with the EEOC.  In distinguishing the case from *Torrez*, the court in *Wright* found that while both Mr. Wright and his former employer knew of the possible discrimination claims when the release was executed, "the release language in *Torrez* purported to cover all future claims including claims of which neither party was aware when executing the release." *Wright*, 925 F.2d at 1293.  Although Mr. Braslow did not file with the EEOC until several months after he signed the separation agreement, AOL's agreement specifically included

5

Title VII and ADEA claims amongst the claims Mr. Braslow waived. The agreement did not mention prima facie tort claims but the last paragraph of this section explains why this claim fails as a matter of law. This factor, therefore, supports AOL's position.

Fifth, the agreement encouraged Mr. Braslow to seek counsel. The sixth factor likely favors Mr. Braslow as there does not appear to be any evidence that he had an opportunity to negotiate the terms of this separation agreement. Finally, with respect to the seventh factor, AOL gave Mr. Braslow consideration in exchange for his waiver that exceeded the benefits to which he was legally entitled and Mr. Braslow accepted the consideration. In exchange for signing the agreement, Mr. Braslow received a check in the amount of $4,666.71. (Dep. of Larry Braslow.) Mr. Braslow also received the services of a professional outplacement and counseling firm for up to two months to assist him in securing a new job and continuation of health benefits for two months following the separation date. It is undisputed that Mr. Braslow had the opportunity to make full use of these benefits.

Although one of the *Torrez* factors, the opportunity to negotiate the terms of the separation agreement with AOL, favors Mr. Braslow, under the totality of the circumstances his waiver of claims appears to be knowing and voluntary. Moreover, Mr. Braslow failed to respond to AOL's motion for summary judgment. AOL's motion for summary judgment is successful on the merits and because Mr. Braslow failed to respond to it. The Court, therefore, will GRANT summary judgment with respect to his Title VII claims.

Mr. Braslow's prima facie tort claim fails as a matter of law. A prima facie tort "occurs when a *lawful* act is conducted with an intent to injure and without sufficient economic or societal justification, resulting in injury." *Silverman v. Progressive Broadcasting, Inc.*, 964 P.2d 61, 71

(N.M. Ct. App. 1998) (emphasis added).  In *Silverman*, the New Mexico Court of Appeals noted that:  "Plaintiff contends that Defendants committed a prima facie tort when they intentionally discriminated against her on the basis of sex.  If what Plaintiff alleges is true, however, then Defendants' conduct violated Title VII and would not constitute a lawful act necessary for a prima facie tort."  *Id.*  The court ruled that the district court properly dismissed the prima facie tort claim. *Id.*  Similarly, Mr. Braslow alleges that AOL intentionally discriminated against him on the basis of his religion, race, age, and ethnicity.  If this were true, AOL's actions would violate Title VII.  If AOL acted unlawfully its decisions would not be actionable, as a matter of law, under a prima facie tort theory.  This claim, therefore, must also be dismissed.

**Because** Mr. Braslow knowingly and voluntarily executed a separation agreement, and failed to respond to AOL's motion for summary judgment, no genuine issues of fact exist and AOL's motion for summary judgment will be **GRANTED**.  The Court, therefore, will not address AOL's motion for sanctions under Rule 37.

	**ROBERT C. BRACK**
	**UNITED STATES DISTRICT JUDGE**